UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DIRECTOR ERIC A. TAYLOR, *Regional Director of the Ninth Region of the National Labor Relations Board, For and On Behalf of the National Labor Relations Board,* | ) ) ) ) | |
| | ) | Case No. 6:26-cv-00106-GFVT |
| Plaintiff, | ) ) | **MEMORANDUM OPINION** |
| v. | ) ) | **&** **ORDER** |
| Hearthside Food Solutions, LLC, | ) ) | |
| Defendant. | ) ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This motion is before the Court on Plaintiff Eric A. Taylor's Motion to Adjudicate Based Upon Administrative Records and Affidavit Evidence, [R. 2], and Defendant Hearthside Food Solutions, LLC's Motion to Strike, [R. 10]. In this case, Taylor seeks a temporary injunction against Hearthside during the pendency of the National Labor Relations Board's final disposition of the underlying administrative proceedings against Hearthside. [R. 1]. While the parties agree that the Court may adjudicate this question by relying on the administrative record, they dispute the inclusion of two affidavits that were not part of that record. For the following reasons, the Court **GRANTS** Taylor's motion and **DENIES** Hearthside's.

**I**

Taylor, on behalf of the Board, seeks an injunction against Hearthside pending the conclusion of an ongoing Board review of Hearthside's labor practices. The Board alleges that Hearthside illegally responded to a union organizing campaign in 2024. [R. 3-3 at 4]. Taylor, the Ohio Director of Region 9 of the Board, brought a complaint against Hearthside which culminated in a hearing before an administrative law judge on June 2, 2025. [*Id.* at 1]. On

September 17, 2025, the ALJ issued a Decision and Recommended Order concluding that Hearthside violated the National Labor Relations Act. [R. 3-6 at 32–33]. The parties filed exceptions to the ALJ's decision with the Board and now await a final Board order.[1] [R. 3-3 at 5].

While awaiting the Board's final decision, Taylor petitioned this Court for a temporary injunction under Section 10(j) of the National Labor Relations Act. [R. 1]. Taylor filed an accompanying motion to adjudicate based on the pleadings and administrative record. [R. 2]. Taylor included that record as part of his Motion in Support of Petition. *See* [R. 3].

Hearthside responded to the Motion to Adjudicate on the Administrative Record on March 30, 2026. [R. 10; R. 11]. Hearthside does not oppose adjudicating the injunction petition on the administrative record. [R. 10-1 at 1]. But Hearthside moved to strike the affidavits of Lisa Gregory, [R. 3-27; R. 3-28], arguing that Gregory's affidavits were not part of the administrative record, that Hearthside had no opportunity to cross-examine Gregory, and that the statements contain hearsay.[2] [R. 10-1 at 1]. On reply, Taylor notes that the Court necessarily must balance the four traditional equitable factors—likelihood of success on the merits, irreparable harm, balance of equities, and public interest—in deciding whether to issue an injunction under Section 10(j). [R. 16 at 5] (citing *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345–46 (2024)). Because the purpose of the ALJ hearing is to "determine whether the alleged unfair labor practices have

---

[1] The Board may preside over a hearing itself, or it may assign a given case to an ALJ. 29 U.S.C. § 160(b). "If a case is assigned to an ALJ, the Board is statutorily obligated to review the ALJ's decision and recommended order upon the filing of valid exceptions." *YAPP USA Auto. Sys., Inc. v. Nat'l Lab. Rels. Bd.*, 748 F. Supp. 3d 497, 509 (E.D. Mich. 2024) (citation modified).

[2] Hearthside's submitted two identical filings to this effect: a Motion to Strike the affidavits, [R. 10], and a "Response Brief" to Taylor's Motion to Adjudicate on the Administrative Record, [R. 11]. While these filings are identical, the Court acknowledges that Hearthside responded in conditioned opposition to Taylor's motion while also filing a separate motion to strike.

in fact occurred," Taylor reasons, "[t]estimony regarding the impact of those unfair labor practices is often irrelevant to that determination . . . Thus, Petitioner should be allowed to present affidavit evidence to . . . fully address the risk of irreparable harm and the equities of the injunction." [*Id.*]

## II

The parties agree that the Court should adjudicate the injunctive petition based upon the record developed during the administrative proceedings. [R. 2 at 1; R. 10-1 at 1]. The only issue before the Court is whether to strike the affidavits of union representative Lisa Gregory, which are not part of the underlying proceedings.

Section 10(j) of the National Labor Relations Act authorizes district courts "to grant . . . such temporary relief . . . as it deems just and proper." 29 U.S.C. § 160(j). In 2024, the Supreme Court established that "district courts must use the traditional four-part test when evaluating the Board's request for a preliminary injunction under § 10(j)." *McKinney*, 602 U.S. at 345. As such, Taylor "must make a clear showing that 'he is entitled to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Id.* at 346 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

"A plaintiff seeking a preliminary injunction may not merely rely on unsupported allegations but rather must come forward with more than 'scant evidence' to substantiate their allegations." *Tactical Edge, LLC v. Garland*, 696 F. Supp. 3d 460, 463 (M.D. Tenn. 2023) (collecting cases). Courts may consider "affidavits and hearsay materials" in the context of a preliminary injunction "if the evidence is appropriate given the character and objectives of the injunctive proceeding." *Id.* As a general principle, in Section 10(j) injunctions the Court should

3

not consider evidence outside of the record in assessing the first equitable factor, the likelihood of success on the merits. *See Harrell v. Nat'l Red Cross, Heart of Am. Blood Servs. Region*, No. 11-1284, 2011 WL 3951860, at *2 (C.D. Ill. Sept. 7, 2011) ("As the Board cannot consider other evidence outside the record presented to the ALJ in making its ultimate determination . . . logic compels the conclusion that this Court's review in assessing Petitioner's likelihood of success on the merits should be limited to the same evidence that will be considered by the Board."). But such outside evidence may "be relevant to the other factors considered in the just and proper inquiry, that is whether the labor effort will suffer irreparable harm in the absence of injunctive relief and the balance of the harms posed." *Id.*

Taylor argues that Gregory's affidavits are "not the primary evidence . . . in support of injunctive relief," but rather that they "[go] towards the risk of irreparable harm that Respondent's unfair labor practices have wrought." [R. 16 at 4]. Even in the initial filing, Taylor characterized the Gregory affidavits as supplementing "the equitable need for the injunction, an issue largely not covered by the administrative record." [R. 2 at 3]. Hearthside contends that Gregory's affidavits contain hearsay and that Taylor should not "have it both ways" by relying on the administrative record while "selectively supplementing it with post-hearing affidavits." [R. 10-1 at 4].

The Court can quickly dispose of Hearthside's arguments. Even if the affidavits contain hearsay, the Court may consider them "if the evidence is appropriate given the character and objectives of the injunctive proceeding." *Tactical Edge*, 696 F. Supp. 3d at 463. Gregory's affidavits speak to the claim that Hearthside's ongoing actions produce a chilling effect on the employees' exercise of their right to unionize, even as the parties await a final decision by the Board. Gregory's affidavit specifically addresses allegations that new employees are afraid to

4

unionize because they are aware that employees fired during the 2024 unionization effort have not returned to Hearthside. [R. 3-28]. This is directly probative to the second and third parts of the traditional equitable analysis.

Hearthside also confuses the purported holding of its cited caselaw. It is true that Courts generally hold that the Court should not consider outside evidence such as affidavits when considering the first prong, likelihood of success on the merits. *Nat'l Red Cross*, 2011 WL 3951860, at *2; *Sullivan v. Fairfield Parsippany, LLC*, No. CV 24-08413 (ES) (MAH), 2024 WL 4425770, at *1 (D.N.J. Oct. 3, 2024). Neither case stands for the proposition that a district court cannot consider outside evidence for the remaining elements. *Nat'l Red Cross* specifically holds the opposite, noting that outside evidence may be relevant to the irreparable harm evaluation. *Id.* Gregory's affidavits speak to these other prongs, and in any event the Court acknowledges that the Gregory affidavits may not inform its weighing of the first prong of the equitable analysis.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Taylor's Motion to Adjudicate Based Upon Administrative Record and Affidavit Evidence **[R. 2]** is **GRANTED**.

2. Hearthside's Motion to Strike **[R. 10]** is **DENIED**.

This 22d day of April, 2026.

Gregory F. Van Tatenhove
United States District Judge

6